IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| LAMONT WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:11-cv-00024 |
| v. ) | |
| ) | |
| DOLLAR GENERAL CORPORATION, ) | |
| ) | **MEMORANDUM OPINION** |
| DOLGENCORP, LLC, ) | |
| ) | |
| and ) | |
| ) | By: Jackson L. Kiser |
| DOLGEN, LLC, ) | Senior United States District Judge |
| ) | |
| Defendants. ) | |

Before me is Plaintiff's Motion to Reconsider this Court's Order of March 5, 2012, granting Defendants' Motion for Summary Judgment, and [sic], in the alternative, Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). For the reasons set forth below, Plaintiff's Motion to Reconsider is **DENIED**.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

This case arises out of Plaintiff Lamont Wilson's ("Plaintiff") claim of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended. On March 5, 2012, for the reasons set forth in the accompanying Memorandum Opinion, I entered an Order granting summary judgment in favor of Defendants Dollar General Corporation ("Dollar General"), DolgenGroup, LLC, and Dolgen, LLC (collectively "Defendants") as to Plaintiff's claim for failure to accommodate under the ADA. *Wilson v. Dollar General Corp.*, No. 4:11cv24, 2012 U.S. Dist. LEXIS 28148 (W.D. Va. March 5, 2012). In the Memorandum Opinion, I held that Plaintiff could not state a claim against Defendants for failure to

accommodate because he could not show that the temporary leave requested was finite or that it would have allowed him to return to work within a reasonable period of time. *Wilson*, U.S. Dist. LEXIS 28148 at *26–43. Moreover, I found that Plaintiff could not show that the requested leave, even if granted, would have allowed him to perform the essential functions of his job within a reasonable time because his health condition in fact deteriorated considerably after his termination. *Id.* at * 43–47.

Subsequently, on March 22, 2012, Plaintiff filed the present Motion to Reconsider (Pl.'s Mot. to Rec. [ECF No. 50]) and Memorandum in Support (Mem. in Supp. [ECF No. 51]) pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). In his Motion to Reconsider, Plaintiff requests that I reconsider my grant of summary judgment in favor of Defendants, alter or amend my factual findings under Rule 52(b), and alter or amend the judgment under Rule 59(e) "on the grounds that [I] overlooked material facts, failed to consider the evidence in the light most favorable to the plaintiff as required by Rule 56, and misapplied the applicable law. (Pl.'s Mot. to Rec.) In support of his Motion to Reconsider, Plaintiff argues three grounds. First, Plaintiff argues that I overlooked evidence in the record showing that he could have returned to work at Dollar General approximately a week-and-half after his termination date. (Mem. in Supp. pg. 1–3.) In support of this argument, Plaintiff submits additional evidence in the form of an affidavit sworn by him on March 8, 2012. (*Id.* Ex. 1.) Second, Plaintiff argues that I misapplied the applicable law in construing the ADA to require that Plaintiff be able to perform a particular job at Dollar General as opposed to a class or broad range of jobs that would fit within his job description of "warehouse worker." (*Id.* pg. 4 [citing 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(j)(3)(i)].) Finally, Plaintiff argues that I wrongly determined that the evidence was in conflict as to whether he submitted to Dollar General the note from his treating physician at the

2

emergency room at Danville Regional Medical Center, stating that he should be excused from work from April 7, 2010 to April 9, 2010. (*Id.* pg. 4–5.) Defendants filed their Response in Opposition to Plaintiff's Motion to Reconsider on April 4, 2012. (Def.'s Resp. in Opp. to Pl.'s Mot. to Rec. [ECF No. 52].)

## II. STANDARD OF REVIEW

As an initial matter, nowhere in his Motion to Reconsider or Memorandum in Support does Plaintiff address the standard of review applicable to motions pursuant to Rule 52(b) and Rule 59(e). This standard is crucial to proper disposition of the issues raised in Plaintiff's Motion to Reconsider. Rule 52(b) provides, in relevant part: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." FED. R. CIV. P. 52(b). "The findings referred to in Rule 52(b), however, are only those judicial findings made '[i]n an action tried on facts without a jury or with an advisory jury.'" *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 7:05cv00776, 2008 U.S. Dist. LEXIS 94943 at *3 (W.D. Va. Nov. 21, 2008) (quoting FED. R. CIV. P. 52(a)(1)). Accordingly, "'Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding.'" *Id.* at *4 (quoting *Orem v. Repham*, 523 F.3d 442, 451 n.5 (4th Cir. 2008) (Shedd, J. concurring)). Because Plaintiff requests reconsideration of my grant of summary judgment in favor of Defendants, therefore, Rule 52(b) has no application to this case. Nevertheless, "'a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend,'" and Plaintiff has included a Rule 59 motion in his Motion to Reconsider. Accordingly, the standard under Rule 59(e) is the standard applicable to Plaintiff's Motion to Reconsider.

3

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. OF CIV. P. 59(e). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit has recognized three grounds on which a district court may alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice." *Pac. Ins. Co.*, 148 F.3d at 403; *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchison v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)). With this standard in mind, I turn to the arguments raised by Plaintiff.

**III. DISCUSSION**

Plaintiff's Motion to Reconsider seeks only to relitigate matters already disposed of in the Memorandum Opinion and to present additional evidence that could have been presented during the summary judgment proceedings. None of Plaintiff's arguments raise any of the three grounds for which relief is available under Rule 59(e). First, Plaintiff argues that I wrongly determined that he would have been unable to return to work on April 9, 2010, or within a reasonable time thereafter. (Mem. in Supp. pg. 1.) Specifically, he argues that I overlooked his deposition testimony establishing that he could have performed various jobs at Dollar General

4

within a week-and-a-half of his termination. (*Id.* pg. 1–4.) I cannot find, and Plaintiff does not direct me to, any point in the record before me on the summary judgment where he or any other witness testified that Plaintiff could have returned to work at Dollar General within a week-and-a-half of his termination. On the contrary, as I explained fairly clearly in the Memorandum Opinion, when asked during his deposition at what point after April 7, 2010, he would have been able to return to work, he responded, "I can't specifically give you a date, okay?" (Wilson Dep. 105:1–4.). When asked whether he knew how much leave he would require, Plaintiff responded, "No, they didn't either because they didn't give me a chance because she fired me on the 7th." (*Id.* 83:1–6.) More than once, Plaintiff conceded that he did not know when he could return to work. Plaintiff continues to rely on the following deposition testimony to support his argument:

> Q: How long after that April 7th date was it that you could actually go back to working?
> A: I can't accurate—I can't specifically give you a date, okay?
> Q: When did you start looking for another job?
> A: Oh, it was a while. I was having problems from it. I was having—it was a while afterwards, because I—I was having problems with my eyes and everything. And even though I was having problems, I got fired, I went out and put my application in for unemployment, I had to find—to keep job contacts. So I guess it probably a week, week and a half later, I guess.

(*Id.* 105:1–14.) As I originally explained, this testimony merely shows that Plaintiff was able to file for unemployment benefits and begin making job contacts within a week-and-a-half after his termination. The mere fact that Plaintiff began making employment contacts to qualify for unemployment compensation does not demonstrate that he was able to perform any of the jobs available at Dollar General at this time. Moreover, later in his testimony, Plaintiff goes on to state that after he was denied unemployment benefits, he continued looking for jobs but "couldn't find nothing, and I was still having troubles with my eyes and everything." (*Id.* 106:6–

5

11.) When asked whether he continued looking for work after his termination, Plaintiff responded: "To a certain point, yes. To when I got so bad I couldn't hardly see." (Wilson Dep. 109:13–19.) At one point, Plaintiff was asked: "So is it fair to say that you looked for a job after your termination from April 7th, until June 23th, 2010?" (Wilson Dep. 110:16–19.) Plaintiff responded: "No, that wouldn't be fair. And it would be incorrect also. I looked for a job the whole time until—until I had my—I looked for a job, couldn't find no job. I had a problem with my eyes." (Wilson Dep. 118:20–24.) By his own testimony, therefore, Plaintiff's condition persisted and prevented him from securing employment well after the week-and-a-half period during which he now claims he fully recovered.[1] The record simply does not support Plaintiff's assertion that he would have been able to return to work within that time frame.

Plaintiff submits with his Motion to Reconsider new evidence in the form of an affidavit that was not before me on summary judgment. (Mem. in Supp. Ex. 1.) In this affidavit, sworn to by Plaintiff on March 8, 2012, he now makes the following additional statements:

> About a week and a half later [after my termination], the blurring and watering in my left eye stopped and my vision returned, I could see once again so I began to look for work. I continued to have some minor itching in my left eye, but that did not affect my vision, so I could drive once again and work. In fact, I drove myself around in my area in southern Virginia and North Carolina looking for work.

---

[1] Indeed, as I stated in the memorandum Opinion, Plaintiff's deposition testimony establishes that he would not have been able to return to work until March or April of 2011. I refer to the following portion of Plaintiff's deposition:

> Q: So would it be fair to say that in March or April 2011, if you had your job at Dollar General, at that point you could have gone back to work full time?
> A: Yes, if I had a job, I could have probably—wait a minute. I probably could have went back to work. I probably could have gone back to full-time employment, if I had a job.

(Wilson Dep. 118:8–15.)

6

(*Id.* ¶ 4.)  I will not consider this evidence.  As stated above, Rule 59(e) motions are available for the limited purpose of accounting for "new evidence not available at trial."  *Pac. Ins. Co.*, 148 F.3d at 403.  Therefore, "if a party relies on newly discovered evidence in its Rule 59(e) motion, the party 'must produce a legitimate justification for not presenting the evidence during the earlier proceeding.'"  *Id.* (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)) (internal quotation marks).  The Fourth Circuit has held that where a party moving for reconsideration offers supplemental affidavits and fails to provide a legitimate justification for not offering them during summary judgment proceedings, the district court may decline to consider them.  *See, e.g.*, *Cray Comm., Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 395 (4th Cir. 1994) (finding that because the moving party had provided no justification for its failure to present an affidavit during summary judgment proceedings, the district court was well within its discretion in refusing to consider it); *RGI. Inc. v. Unified Industries, Inc.*, 963 F.2d 658, 662 (4th Cir. 1992) ("The district court in its discretion could have accepted the new evidence if it determined that [the moving party's] failure to provide it along with the summary judgment motions was justified. . . . It was for the district court in the exercise of its discretion to weigh [the moving party's] claim that the district court should have accepted the supplemental affidavit . . . .") (internal citations omitted).

In his Motion to Reconsider, Plaintiff posits no legitimate justification for his failure to present this evidence during summary judgment proceedings.  After submitting only his deposition testimony during those proceedings and failing to achieve his desired outcome, Plaintiff cannot now get another bite at the apple by creating new evidence that purports to clarify or modify statements that he made during his deposition.  Therefore, I decline to consider Plaintiff's affidavit submitted with his Motion to Reconsider.  As explained above, Plaintiff

7

made no showing based on the record that was before me at the time of the summary judgment proceedings in this matter that he would have been able to return to work within a reasonable time after his termination date. Given this conclusion, Plaintiff's additional evidence as to the various jobs at Dollar General he could have performed with a healthy left eye remains irrelevant. (Mem. in Supp. pg. 2–3 [citing Ex.1 ¶ 4; Wilson Dep. 148–158.].)

Even if I were to consider Plaintiff's affidavit and find that he could have returned to work at Dollar General within a week-and-a-half after his termination, that finding would not affect my decision to grant summary judgment in favor of Defendants. As I explained fairly clearly in the Memorandum Opinion, the third prong of the *prima facie* case for a failure to accommodate claim under the ADA requires Plaintiff to show "that with reasonable accommodation he could perform the essential functions of the position." *Wilson*, U.S. Dist. LEXIS 28148 at *28–29 (quoting *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)). This third prong contains two distinct parts: (1) Plaintiff must show that the requested accommodation was reasonable as of the time requested; and (2) Plaintiff must show that the accommodation, if afforded, would have allowed him to perform the essential functions of his job. *Id.* at *29 (citing *Kitchen v. Summers Continuous Care Center*, 552 F. Supp. 2d 589, 595–598 (S.D. W.Va. 2008)). With regard to the first part of the third prong, I stated that additional leave is "'only reasonable where it is finite and will be reasonably likely to enable the employee to return to work.'" *Id.* at *33 (quoting *Kitchen*, 552 F. Supp. 2d. at 596.) I found that Plaintiff's request for additional leave from April 7, 2012, to April 9, 2010, was not reasonable because, at the time of the request, Plaintiff offered Dollar General no assurances that additional leave would enable him to return to work within a reasonable time. *Id.* at 33–38. The fact that Plaintiff might have actually been able to return to work after a week-and-a-half does not affect

8

this determination. Accordingly, I decline to reconsider my decision on the first ground offered by Plaintiff.

Plaintiff next argues that I misapplied 42 U.S.C. § 12118(8) in defining a "qualified individual with a disability" as "a person with a disability who, with or without reasonable accommodation, can perform the essential functions of the job in question." *Id.* at 17 (quoting 42 U.S.C. § 12118(8)). According to Plaintiff:

> The district court's narrow construction of the job "in question" is inconsistent with the ADA for two reasons. First, the job in question is that of a "warehouse worker," and as stated, the record establishes that Wilson could have performed many jobs at the warehouse a little more than a week after Dollar General fired him. Next, 29 C.F.R. § 1630.2(j)(3)(i) provides that . . . The inability to perform a singular particular job does not constitute a substantial limitation in the major life activity of working.

(Mem. in Supp. pg. 4.) In short, Plaintiff submits that I wrongly restricted my inquiry to whether he would be able to perform the particular job in which he was employed prior to his termination as opposed to any job fitting within his general job description.

As an initial matter, Plaintiff at no point made this argument during the summary judgment proceedings. At that stage, his entire argument focused on the reasonableness of the requested leave, not the sorts of jobs that he could have performed within a reasonable time if granted the requested accommodation. "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party has the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citations omitted). To the extent that Plaintiff raises this line of argument for the first time, therefore, I need not consider it.

Moreover, my determination not to consider Plaintiff's supplemental affidavit as set forth above forecloses this argument. The record before me on summary judgment did not show that

9

Plaintiff would be able to perform any job at Dollar General within a reasonable time. At the time of his termination, Plaintiff's vision had deteriorated to the point that he could not even drive a car. (Wilson Dep. 53:21–54:4; 67:12–70:1, 71:14–72:18, 73:2–7.) As set forth above, at no point in his deposition did he state that he actually could have returned to work within a week-and-a-half. As I stated in my Memorandum Opinion, "the nature of Plaintiff's disability was not such that a range of possible accommodations could have allowed him to perform the essential functions of his job. Employment on a part-time basis, reassignment to a different position, or a lighter work load would not have enabled Plaintiff to perform. He simply could not see and, therefore, could not return to work." *Wilson*, U.S. Dist. LEXIS 28148 at *23. Not only did Plaintiff fail to show that he would have been able to perform the specific job from which he was terminated, he failed to show that he would have been able to perform any job at Dollar General. Plaintiff once again seeks another bite at the apple with arguments that he did not raise and evidence that he did not present on summary judgment. Accordingly, I decline to reconsider my decision on the first ground offered by Plaintiff.

Finally, Plaintiff argues that I incorrectly found that the evidence was in conflict as to whether Plaintiff submitted to Dollar General the note that he received from the emergency room physician. In the Memorandum Opinion, I explained—again, fairly clearly—that "viewing the evidence in the light most favorable to Plaintiff, the Court will assume that Plaintiff delivered the note as he testified." *Id.* at *5 n.1. My determination that the evidence was in conflict on this point, therefore, clearly did not affect my decision to grant summary judgment for Defendants. Accordingly, I find that this third argument constitutes no ground whatsoever for reconsidering my decision.

10

In sum, Plaintiff's Motion to Reconsider fails to raise any of the three grounds for which relief is available under Rule 59(e). Plaintiff raises no "intervening change in controlling law," no "new evidence not available at trial," or any "clear error of law" or "manifest injustice." *Pac. Ins. Co.*, 148 F.3d at 403.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Reconsider is **DENIED**.

The clerk is directed to send a copy of the Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 5th day of April, 2012.

    s/Jackson L. Kiser
    SENIOR UNITED STATES DISTRICT JUDGE